# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LINDA J. CALHOUN, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC.,**<br><br>**Defendant.** | **Case No.  1:19-cv-01810**<br><br><br>Hon. Susan E. Cox |

<u>**CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT**</u>

This Class and Collective Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made by Linda Calhoun (the "Named Plaintiff"), on the one hand, and Defendant AON Hewitt Health Market Insurance Solutions, Inc. ("Defendant") on the other hand (collectively, the "Parties"), in the above-captioned action ("Action").

## I.     <u>PROCEDURAL HISTORY</u>

On March 14, 2019, the Named Plaintiff filed this Action in the United States District Court for the Northern District of Illinois, Eastern Division, on behalf of herself and others similarly situated, alleging that Defendant failed to pay her and other similarly situated employees and contingent workers in accordance with the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. (the "FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. (the "IMWL"), and the Illinois Wage Payment Collection Act, 820 ILCS 115/1 *et seq*. (the "IWPCA").  Specifically, the Named Plaintiff alleged that Defendant knowingly required or permitted the Named Plaintiff, who worked as a telephone-dedicated contingent worker, and other similarly situated telephone-dedicated employees and contingent workers to perform unpaid work before and after the start

1

and end times of their shifts and during breaks, including, but not limited to, booting up computers, initializing several software programs, reading company issued emails and instructions, and completing customer service calls. On March 20, 2019, the Named Plaintiff filed her Amended Collective and Class Action Complaint, the current operative pleading in this Action. [Dkt. 6].

On June 5, 2019, Defendant filed a motion to dismiss Plaintiffs' IWPCA count. On June 26, 2019, the Named Plaintiff agreed to voluntarily dismiss her IWPCA claims without prejudice. On July 9, 2019, Defendant filed its Answer and Affirmative Defenses to the IMWL and FLSA counts of the Complaint.

Defendant denies that it engaged in any misconduct in connection with its wage and hour practices, and it further denies that it has any liability or engaged in wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the Action. Specifically, Defendant denies that it employed Named Plaintiff and denies that its pay practices failed to comply with the FLSA, the IMWL, the IWPCA, or any other federal or state law. Defendant further denies that this case is suitable for a class or collective action.

In approximately July 2019, the Parties began discussing the possibility of a resolution and/or mediation of this matter. On July 24, 2019, the Parties jointly moved for a stay of discovery in this matter to allow them to engage in a mediation. The Court granted the joint motion to stay and stayed discovery. The Parties have actively engaged in informal discovery and Defendant produced class-wide information regarding the claims. The Parties engaged in settlement discussions. On August 19, 2020, the Parties engaged in a mediation with mediator Hunter Hughes. The Parties reached an agreement in principle on the terms of a class and collective action settlement to settle the claims alleged in the Complaint as to the Named Plaintiff, opt-in Plaintiff Janice Cohen, and the putative class and collective members. The Parties agreed to a maximum

gross settlement amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000) (the "Qualified Settlement Fund").

## II.  SETTLEMENT CLASS

For purposes of this Settlement Agreement, the Settlement Class will consist of (a) the Named Plaintiff; (b) Opt-In Plaintiff Janice Cohen; and (c) all individuals who worked as a telephone-dedicated employee or contingent worker for Defendant and who are identified on the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours").  Those members of the Settlement Class who worked in Illinois shall be referred to herein as  "Illinois Class Members", and those members of the Settlement Class who worked outside of Illinois and participate in this settlement by filling a valid claim and receiving settlement checks shall be referred to herein as "FLSA-Only Collective Members" (the Illinois Class Members and the FLSA-Only Collective Members may at times be referred to herein collectively as "Class Members").  At present, Defendant represents that there are a maximum of One Thousand Three Hundred Thirteen (1,313) Members of the Settlement Class which is comprised of approximately 404 Illinois Class Members and approximately 909 FLSA-Only Collective Members.  If the total number of Settlement Class Members is greater or lesser than Ten Percent (10%) of 1,313, the amount of the Qualified Settlement Fund will be adjusted on a pro rata basis.

## III.  BENEFITS OF SETTLEMENT TO CLASS AND COLLECTIVE MEMBERS

Although the Named Plaintiff does not abandon the positions she took in the Action, she believes that continued litigation would be protracted, expensive, and uncertain. In light of these realities, the Named Plaintiff believes that this settlement is fair, reasonable, and adequate, and the best way to resolve the disputes in this case.

## IV. <u>DEFENDANT'S REASONS FOR SETTLEMENT</u>

Defendant has concluded that the defense of this litigation would be protracted and expensive for all parties. Absent settlement, Defendant will be required to devote substantial amounts of time, energy and resources to the defense of the claims the Named Plaintiff has asserted and vindicate its pay practices, which Defendant maintains have at all times been proper and lawful. Defendant, therefore, has agreed to settle in the manner and upon the terms set forth in this Settlement Agreement to put to rest the claims as set forth in the Action.

## V. <u>CONFIDENTIALITY OBLIGATIONS</u>

Class Counsel, Defense Counsel, Named Plaintiff, and Defendant expressly agree that, at all times, neither they, nor any employee, partner, or member of their firm/company will announce the Settlement terms to the media or issue a press release.

Class Counsel agrees that no information regarding this Settlement Agreement will be added to their website or otherwise publicly disseminated in any form.

## VI. <u>CERTIFICATION OF AN ILLINOIS RULE 23 CLASS AND AN FLSA COLLECTIVE FOR SETTLEMENT PURPOSES ONLY</u>

For purposes of settlement only, the parties agree to the certification of a class pursuant to Rule 23 comprised of the Illinois Class Members which consists of all individuals who worked as a telephone-dedicated employee or contingent worker for Defendant in Illinois and who are identified on the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours"). The parties also agree to the certification of an FLSA collective pursuant to 29 U.S.C. § 216(b) which consists of all individuals who worked as a telephone-dedicated employee or contingent worker for Defendant and who are identified on the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours"). The Parties agree that this Agreement is made for

the sole purpose of consummating the settlement of all causes of action asserted in this matter. This Agreement and the settlement it evidences are made in compromise of disputed claims. Because Plaintiff's Complaint contains class claims, this settlement must receive preliminary and final approval by the Court. Accordingly, Defendant enters into this Agreement on a conditional basis.

In the event that: (a) the Court does not approve this Agreement and execute an Order of Final Approval; (b) the Court does not finally approve of the settlement as proposed by the Parties; (c) the Order of Final Approval as submitted by the Parties does not become final for any reason, or the terms and conditions set forth in this Agreement are modified in any material respect; or (d) the Final Approval, as defined herein, does not occur, this Agreement shall be deemed null and void and shall be of no force or effect whatsoever, and shall not be admitted, referred to or utilized by any Party for any purpose whatsoever.

Defendant denies all of Plaintiff's claims as to liability and damages, as well as Plaintiff's claims that any appropriate class may exist, and Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims upon all procedural and substantive grounds, including the assertion of all defenses in the event that this settlement is not approved by the Court or is otherwise not consummated. Moreover, this Agreement is for the purpose of settlement only, and the Court and the Parties agree that the Agreement, Order of Preliminary Approval, and Order of Final Approval are made only for purposes of settlement and are not determinative of the propriety of the class or collective claimed by Plaintiff or any class, and will not have any collateral estoppel or *res judicata* effect on any class or collective certification issue in any future claim or action except a claim or action barred by the Order of Final Approval.

## VII.   SETTLEMENT PROCEDURE

The Settlement Agreement requires the occurrence of all of the following events:

5

1.     Execution of the Settlement Agreement by the Parties.

2.     Submission of the Settlement Agreement to the Court for preliminary approval.

3.     Entry of an Order by the Court granting preliminary approval of the Settlement Agreement.

4.     Court approval of the method of distribution and the form and content of the Claim Forms and Consents to Join, attached as Exhibits A-1, A-2, A-3 and A-4, the Notices of Class Action Settlement, attached as Exhibits B-1, B-2, B-3 and B-4, and the Request for Exclusion Form attached as Exhibit C.

5.     Filing by Class Counsel, on or before the Final Approval, the Court-approved Claims Administrator's declaration, in writing, that the Notice of Class Action Settlement has been disseminated in accordance with the Court's order.

6.     Occurrence of the Effective Date.

## VIII.   <u>SETTLEMENT TERMS</u>

NOW, THEREFORE, IT IS HEREBY STIPULATED, by and among the Settlement Class on the one hand, and Defendant on the other hand, and subject to the approval of the Court, that the Action hereby be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that upon the Final Approval (as defined herein) the Action shall be dismissed with prejudice, subject to the recitals set forth herein above which by this reference become an integral part of this Settlement Agreement and subject to the following terms and conditions:

**1.     <u>Effective Date.</u>**

As used in this Settlement Agreement, "Effective Date" means the date by which this Settlement is approved as provided herein and the Court enters the Final Approval Order.

**2.     <u>Released Parties.</u>**

As used in this Settlement Agreement, "Released Parties" shall mean Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related

entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators.

3.  **Class Release.**

As of the Effective Date, Illinois Class Members who do not submit a Request for Exclusion will be deemed to have forever discharged and released the Released Parties from all wage and hour claims relating to unpaid work performed pre-shift or post-shift as alleged in Plaintiff's original and Amended Complaint, arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, including without limitation claims for the unpaid wages as alleged in the original Complaint and Amended Complaint, gap time, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to August 19, 2020. This release is intended to cover and apply to only the workweeks and individuals identified on the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours"). If an Illinois Class Member does not submit a Claim Form, he or she will not release any claims under the Fair Labor Standards Act.

Further, as of the Effective Date, FLSA-Only Collective Members and Illinois Class Members who submit a Claim Form and Consent to Join Form (attached hereto as Exhibit A) also will be deemed to have forever discharged and released the Released Parties from all wage and hour claims relating to unpaid work performed pre-shift or post-shift as alleged in Plaintiff's original and Amended Complaint and arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, including without limitation claims for the unpaid wages as alleged in the original Complaint and Amended Complaint, gap time, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to August 19, 2020. This release is intended to cover and apply to only the workweeks and individuals identified on the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours").

Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Class Members do not release or waive any claims that may not be released or waived unless otherwise allowed by state and/or federal law.

4.      **Non-Admission of Liability.**

In entering into this Agreement, Defendant does not admit, and specifically denies, that it has violated any federal, state, or local law; violated any rules, regulations or guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or deception; or engaged in any other unlawful, improper or wrongful conduct with respect to the Settlement Class. Neither this Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be construed as an admission or concession by Defendant of any such violations or failures to comply with any applicable laws. Except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms

and provisions shall not be offered or received as evidence in any action or proceeding to establish any liability or admission on the part of Defendant. Additionally, except as necessary in a proceeding to enforce the terms of this Agreement, this Agreement and its terms and provisions shall not be offered or received as evidence in any action or proceeding to establish the existence of any condition constituting a violation of, or a non-compliance with, federal, state, local or other applicable laws.

 5. **Qualified Settlement Fund.**

The term "Qualified Settlement Fund" shall refer to the funds that will be available for distribution to the Named Plaintiff, Opt-In Plaintiff Janice Cohen, and Class Members, as well as attorneys' fees and costs, incentive payments and settlement administration costs, in accordance with this Settlement Agreement. Payments made out of the Qualified Settlement Fund are on a claims-made basis with a reversion of all unclaimed monies to Defendant. The Qualified Settlement Fund shall consist of a maximum gross settlement amount of One Million Two Hundred Fifty Thousand Dollars ($1,250,000), which shall be allocated as follows, subject to Court approval: (i) an estimated amount of Seven Hundred Sixty-Five Thousand Five Hundred Dollars ($765,500) shall be available for payment to the Class Members who submit timely and valid Claim Forms and Consent to Join, and shall be distributed to those who validly and timely claim into this settlement in the specific amounts, less required withholdings (hereinafter, "Settlement Payments"); (ii) Ten Thousand Dollars ($10,000) shall be payable to the Named Plaintiff as an Incentive Award; (iii) Five Thousand Dollars ($5,000) shall be payable to Opt-in Plaintiff Janice Cohen as an Incentive Award; (iv) Four Hundred Thirty Seven Thousand Five Hundred Dollars ($437,500) shall be payable to Class Counsel for attorneys' fees; (v) up to Eighteen Thousand Dollars ($18,000) shall be payable to Class Counsel for litigation costs; and (vi) up to Fourteen Thousand Dollars ($14,000) shall be payable to the Claims Administrator for

Claims Administration costs. All Claims Administration costs including costs of notice and claims administration shall be paid from the Qualified Settlement Fund, prior to any distribution of Settlement Payments.

Any portion of the Qualified Settlement Fund for which a Claim Form and Consent to Join is not timely returned by a Class Member shall be deemed to remain the property of Defendant. Defendant shall fund the Qualified Settlement Fund with the required amount (based on whatever claims are made) after the Claim Administrator has sent notice and the claim deadline has passed. Any amounts for attorney's fees or litigation costs and incentive awards not approved and awarded by the Court shall be added to the amounts paid to Class Members and shall not revert to Defendant.

6. **Tax Treatment of Settlement Payments.**

(a) Fifty Percent (50%) of the Class Members' Settlement Payments will be paid as owed back wages and reported on Form W-2 and Fifty Percent (50%) of the Class Members' Settlement Payments will be paid as liquidated damages/penalties and reported on Form 1099. Payroll deductions on the back wages will be made by the Claims Administrator for state and federal withholding taxes and any other applicable payroll deductions owed by the Class Member as a result of the Settlement Payment. The Claims Administrator will pay the amounts withheld to the appropriate taxing authorities, including the employer's share of all applicable Medicare and FICA taxes on any Settlement Payment check distributed to the Class Member; those taxes will be paid by Defendant outside of the Qualified Settlement Fund. The Claims Administrator will issue IRS forms W-2 and 1099 for the Settlement Payment to each Class Member.

(b) Defendant, its counsel, Class Counsel, and the Claims Administrator make

no representation as to the tax treatment or legal effect of the Settlement Payments as taxable or non-taxable as called for hereunder, and the Class Members are not relying on any statement, representation, or calculation by Defendant, its counsel, Class Counsel or by the Claims Administrator in this regard.  The Class Members shall be responsible for their payment of any and all taxes and penalties assessed on his/her Settlement Payment and each shall hold Defendant free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages.

7.    **Claims Administration**

The Parties have selected Analytics LLC to administer this class action settlement ("Claims Administrator").  All costs related to Claims Administrator's duties shall be paid from the Qualified Settlement Fund.

8.    **Timeline of Settlement Events**

The Parties contemplate the following timeline for settlement events listed.  The date the Court grants preliminary approval of the settlement is the base timeline for all actions ("Preliminary Approval").

- Named Plaintiff will file her motion for preliminary approval of this Settlement Agreement with the Court on or before November 20, 2020.

- No later than 10 days after Plaintiff files her motion for preliminary approval of this Settlement Agreement, Defendant will send Notices to the appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b), substantially in the form of Exhibit D attached hereto.

- Within 28 days of the Court's Preliminary Approval of the Settlement, Defendant shall provide to the Claims Administrator a list containing (a) the name and last

known address for each Class Member, (b) the start date and end date of employment (within the applicable time period) for each Class Member, and (c) the Social Security Numbers of the Class Members who were direct employees of Defendant.

- 7 days after receiving the above stated information from Defendant, the Claims Administrator will mail the Notice Packets (as defined in Paragraph VIII.14(d), below) in accordance with this Agreement.

- 60 days from the mailing of the Notice Packet, all Claim Forms from Class Members who wish to participate in the Settlement ("Claimants") must be postmarked and mailed to the Claims Administrator ("Claim Deadline").

- 60 days from the mailing of the Notice Packet, all objections from Illinois Class Members who wish to object to the Settlement must be filed with the Clerk of the Court, and copies must be postmarked and mailed to the Claims Administrator, and to counsel for the Parties.

- 60 days from the mailing of the Notice Packet, all Requests for Exclusion from Illinois Class Members who wish to be excluded from the Settlement must be postmarked and mailed to the Claims Administrator.

- Each Illinois Class Member will be bound by this settlement, as approved by the Court, unless said Illinois Class Member, within sixty (60) days of the mailing of the Notice of Class Action Settlement, files a Request for Exclusion Form with the Claims Administrator. Each FLSA-Only Collective Member who submits a valid Claim Form and receives a settlement payment will be bound by this settlement, as approved by the Court.

- Within 7 days after the Claim Deadline, the Claims Administrator shall provide the Parties with a list of the names and addresses of all Class Members who submit timely and valid claims forms as well as a pdf copy of each claim form received by the Claims Administrator. Within 7 days after the Claim Deadline, the Claims Administrator shall provide the Parties with a list of the names of all Illinois Class Members who have submitted timely and valid objections or Requests for Exclusion.

- Within 20 days after the Claim Deadline, Named Plaintiff shall file her motion for final approval of the Settlement.

- Within 7 days after the date the Court grants Final Approval of the Settlement and enters the Final Approval Order ("Final Approval"), Defendant shall deliver to the Claims Administrator settlement monies to satisfy all Settlement Payments to the Claimants as well as any Incentive Awards approved by the Court and Class Counsel's attorneys' fees and litigation costs that have been approved by the Court.

- Within 7 days after receipt of the settlement monies from Defendant, the Claims Administrator shall (i) mail all settlement checks to the Claimants; (ii) deliver to Law Office of James X. Bormes, P.C., checks to satisfy the Incentive Awards that have been approved by the Court, and (iii) shall wire to Class Counsel the attorneys' fees and litigation costs that have been approved by the Court.

9. **Operation of the Qualified Settlement Fund.**

(a) The Claims Administrator will calculate the Settlement Payments to be paid to Claimants (before legal withholdings) from the Qualified Settlement Fund in accordance with the terms and provisions of this Settlement Agreement, and as set forth below.

13

The total amount of money available to be paid to Class Members under the settlement is estimated to be Seven Hundred Sixty-Five Thousand Five Hundred Dollars ($765,500). Each Class Member's estimated share of the Qualified Settlement Fund will be calculated by the Claims Administrator based on the number of weeks the Class Member worked 39.5 hours or more for Defendant in a telephone-dedicated position as reflected in the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours") with respect to the workweeks identified on such spreadsheet. Each Class Member will receive an amount of approximately $21.38 for each such week worked reflected on the spreadsheet. This amount was calculated by dividing the total amount of money available to be paid to Class Members ($765,500) by the total number of workweeks of 39.5 hours or more as reflected on July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours"), which is 35,783 workweeks. The amount for each Class Member will be calculated by multiplying the number of workweeks of 39.5 hours or more that the Class Member worked for the Defendant by $21.38.

(b)     The Claims Administrator shall prepare and mail all Settlement Payments to the Class Members in accordance with Paragraph VIII.8 above, except the Claims Administrator shall deliver any Incentive Awards and Settlement Payments due to the Named Plaintiff and opt-in Plaintiff Janice Cohen to Class Counsel in accordance with Paragraph VIII.8 above.

(c)     All Settlement Payment checks shall be printed with a notice stating that checks not cashed within 180 days of the issuance date shall be invalid, or words to that effect. Those checks and the corresponding funds that are not cashed within 180 days of the issuance date shall be handled in accordance with paragraphs VIII.11 and VIII.15 below.

10.     **Fees and Costs Award; Incentive Awards.**

(a)     Class Counsel shall seek attorneys' fees not to exceed Four Hundred Thirty-Seven Thousand Five Hundred Dollars ($437,500), and litigation costs not to exceed Eighteen Thousand Dollars ($18,000).  Subject to all the terms and conditions of this Settlement Agreement being met, Defendant will not object to a request by Class Counsel for Court approval of a fees and costs award from the Qualified Settlement Fund in this amount.  In the event that the Court does not approve the attorneys' fees and/or litigation costs provided in this Settlement, this Settlement Agreement shall remain fully enforceable and Class Counsel shall receive only those attorneys' fees and costs as approved by the Court.  In that event, the amount of any reduction in attorneys' fees or costs shall be used to increase the amount of the Settlement Payments payable to the Class Members.  The fees and costs award approved by the Court shall be paid by the Claims Administrator to Class Counsel from the Qualified Settlement Fund on the timetable provided in Paragraph VIII.8.

(b)     The payment of the fees and costs award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the FLSA-Only Collective Members who submit a valid and timely Claim Form and on behalf of the Illinois Class Members who do not submit a Request for Exclusion, and shall relieve Defendant, the Qualified Settlement Fund, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses or costs to which any of them may claim to be entitled which arise out of the allegations in Named Plaintiff's Complaint and Amended Complaint.  In exchange for such payment, Class Counsel will remise, release and forever discharge any attorneys' lien on the Qualified Settlement Fund.

(c)     Class Counsel may apply for an "Incentive Award" to the Named Plaintiff in an amount not to exceed Ten Thousand Dollars ($10,000) for her aid and assistance in prosecuting this Action. Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. The Incentive Award is separate and apart from any Settlement Payment for which the Named Plaintiff qualifies as a Class Member. The Incentive Award will not be taxed as wages, and the Named Plaintiff will receive a Form 1099 related to the Incentive Award. The Named Plaintiff agrees to be solely liable for all taxes on the Incentive Award.

(d)     Class Counsel may apply for an "Incentive Award" to the opt-in Plaintiff Janice Cohen in an amount not to exceed Five Thousand Dollars ($5,000), for her aid and assistance in prosecuting this Action. Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. The Incentive Award for the Opt-in Plaintiff is separate and apart from any Settlement Payment for which opt-in Plaintiff Janice Cohen qualifies as a Class Member. The Incentive Award will not be taxed as wages, and opt-in Plaintiff Janice Cohen will receive a Form 1099 related to the Incentive Award. The Opt-in Plaintiff agrees to be solely liable for all taxes on the Incentive Award.

(e)     In the event that the Court does not approve the Incentive Awards to the Named Plaintiff or Opt-In Plaintiff as provided in this Settlement, this Settlement Agreement shall remain fully enforceable and Named Plaintiff and Opt-In Plaintiff shall receive only those Incentive Awards as approved by the Court. In that event, the amount of any reduction in Incentive Awards shall be used to increase the amount of the Settlement Payments payable to the Class Members.

11. **Uncashed Checks.**

Any settlement checks that were distributed following a timely issued Claims Form and that remain uncashed after the check cashing deadline shall escheat to the State of Illinois or the appropriate state authorities in accordance with paragraph VIII.15. The Claims Administrator shall be responsible for completing the escheatment process.

12. **Responsibilities of Defendant.**

Defendant shall:

(a)     Perform all duties as stated in this Settlement Agreement.

(b)     Provide the Claims Administrator with each Class Members' last known mailing address. Defendant shall also provide the Claims Administrator with the Social Security Number or other tax identification numbers used by each Class Member who was a direct employee of Defendant. The Claims Administrator will use the social security numbers or tax identification numbers to prepare Class Members' Form W-2s and Form 1099s and, if necessary, to ascertain the Class Members' correct address. The Claims Administrator shall agree to keep this information confidential, and to use it only for the purpose of administering the settlement.

(c)     Pay the employer's share of all applicable Medicare and FICA taxes on any Settlement Payment check distributed to the Class Members outside of the Qualified Settlement Fund.

13. **Procedure for Objecting to or Requesting Exclusion from Class Action Settlement.**

(a)     Procedure for Objecting. The Class Notice mailed to Illinois Class Members shall provide that an objection to the Settlement must be submitted by mail with a written statement objecting to the Settlement to the Clerk of the Court, the Claims Administrator, and counsel for the Parties. Such written statement must be postmarked no later than sixty (60) days

after the mailing of the Notice Packet (the "Objection/Exclusion Deadline Date"). The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. Illinois Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

(b) <u>Procedure for Requesting Exclusion</u>. The Class Notice mailed to Illinois Class Members shall provide that Illinois Class Members who wish to exclude themselves from the Settlement must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date. (See Request for Exclusion Form attached at Exhibit C). Such written request for exclusion must contain the Illinois Class Member's name, address, and telephone number, and must be returned by mail to the Claims Administrator at a specified address, and must be postmarked on or before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted. Any Illinois Class Member who submits a valid Request for Exclusion will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon.

(c) No later than seven (7) days after the Objection/Exclusion Deadline Date, the Claims Administrator shall furnish to the Parties' Counsel a complete list of all Illinois Class Members who have timely objected to or requested exclusion from the Settlement.

14. **Notice/Approval of Settlement and Settlement Implementation.**

As part of this Settlement, the Parties agree to the following procedures for obtaining court approval of the Settlement, notifying Class Members, and mailing the Settlement Payments:

(a)     <u>Preliminary Approval Hearing</u>.  Named Plaintiff shall move for Preliminary Approval of the Settlement on or before November 20, 2020.  In conjunction with the motion for Preliminary Approval, Named Plaintiff will submit this Settlement Agreement and its attachments for review by the Court.

(b)     <u>Final Approval Hearing</u>.  Named Plaintiff shall move for Final Approval of the Settlement within 20 days after the Claim Deadline.

(c)     <u>Settlement Administration</u>.  The Claims Administrator, with the assistance of the Parties, shall administer the Settlement on the timetable stated in Paragraph VIII.8 of this Settlement Agreement, and shall complete such other tasks as set forth in this Settlement Agreement and as the Parties mutually agree or the Court orders to be performed in the administration of the Settlement.  The Claims Administrator shall provide the Parties with weekly reports regarding the Settlement Administration process, including providing the following information: the number of Illinois Class Members who have submitted valid and timely Claim Forms; the number of Illinois Class Members who have submitted valid and timely Requests for Exclusion from the Settlement; the number of Illinois Class Members who have objected to the Settlement; and the number of FLSA-Only Collective Members who have submitted a valid and timely claim form.

(d)     <u>Notice to Class Members</u>.  On the timetable specified in Paragraph VIII.8 of this Settlement Agreement, the Claims Administrator shall send a copy of (i) the relevant Class Notice attached hereto as Exhibit B-1, B-2, B-3, or B-4 (ii) the relevant Claim Form and Consent to Join attached hereto as Exhibits A-1, A-2, A-3 or A-4 (iii) a Form W-9 for contingent workers who were placed at Defendant by temporary/staffing companies and not directly employed by Defendant; (iv) a Request for Exclusion form for Illinois Class Members attached hereto as Exhibit

C; and (v) a return envelope addressed to the Claims Administrator (collectively, a "Notice Packet"), to each Class Member via First Class regular U.S. mail. Prior to the mailing, the Claims Administrator shall run the Class Members' addresses through the U.S. Postal Service's National Change of Address database and mail the Notice Packet using the most current mailing address information. Within thirty (30) days of the date of the initial mailing, the Claims Administrator shall promptly conduct a second mailing for any Class Member whose Notice Packet is returned as undelivered and for whom a forwarding address is provided by the U.S. Postal Service or through one entry level skip trace for each Class Member whose Notice packet is returned as undelivered. If after this second mailing the Notice Packet is again returned as undelivered, then the notice mailing process shall end for that Class Member. Thirty (30) days after the initial mailing, the Claims Administrator shall mail a reminder postcard to the Class Members who have not yet submitted valid and timely claim forms that will remind them of (a) the Claim Deadline, and (b), for Illinois Class Members, the Objection/Exclusion Deadline Date. The Claims Administrator shall set up a password protected website during the claim period that provides information about the lawsuit for Class Members.

(e)     Claim Form and Consent to Join Submission. Class Members will have sixty (60) days from the postmarked mailing of the Notice Packet to sign and return (i.e., postmark and mail) their Claim Form and Consent to Join to the Claims Administrator ("Claim Deadline"). Each Claim Form and Consent to Join must be signed by the Class Member. For those Class Members who were placed to work for Defendant by third-party vendors and were not direct employees of Defendant, those Class Members must also complete and submit a Form W-9 in addition to their Claim Form and Consent to Join. The Claims Administrator will use the social security numbers or tax identification numbers to prepare Class Members' Form W-2s. The

Claims Administrator shall agree to keep this information confidential, and to use it only for the purpose of administering the settlement. Named Plaintiff and Opt-In Plaintiff Janice Cohen are not required to submit a Claim Form and Consent to Join to receive their estimated Settlement Payment, but they must supply the Claims Administrator with their Social Security Number or other tax identification numbers used while working for Defendant, as they were not direct employees of Defendant.

(f)     Payment to Claimants. The Claims Administrator shall mail all Settlement Payments to the Claimants in accordance with the timeframe specified in paragraph VIII.8, above.

**15.     Undistributed Settlement Awards.**

(a)     The Claims Administrator will deliver the settlement checks as specified above and will forward any returned checks to any forwarding address, if available.

(b)     If the Claims Administrator is unable to deliver a settlement check to a Claimant that was prepared after a timely Claim Form and Consent to Join was submitted, the Claims Administrator shall advise the Parties. If a check remains undeliverable or uncashed within one hundred eighty (180) calendar days after it is mailed, then the Claims Administrator shall cancel the undeliverable or uncashed checks and the amount of such checks shall escheat to the State of Illinois or the appropriate state authorities if outside of Illinois.

**16.     Nullification of Agreement.**

In the event: (i) the Court does not approve the Settlement as provided herein, except as to the approval of Class Counsel's attorneys' fees and costs; (ii) the Court does not enter a Final Approval Order as substantially provided herein; or (iii) the Settlement does not become final for any other reason, then this Settlement shall be null and void, and the Parties agree to take any and all necessary steps to have any order approving the Settlement withdrawn. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective

statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred in the administration of the settlement by the Claims Administrator shall be the sole responsibility of Defendant and shall not be reimbursed by the Named Plaintiff, the Class Members, or Class Counsel.

17. **Exhibits and Headings.**

Any Exhibits to this Settlement Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

18. **Interim Stay of Proceedings.**

The Parties agree to hold all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, in abeyance pending the Final Approval Hearing to be conducted by the Court. In this regard, the Parties stipulate that until the Settlement is either approved fully or nullified under the circumstances set forth in Paragraphs VIII.8 or VIII.16 above, neither party need serve or respond to discovery, or file responsive pleadings or motions.

19. **Amendment or Modification.**

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

20. **Entire Agreement.**

This Settlement Agreement and any attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

21. **<u>Authorization to Enter Into Settlement Agreement.</u>**

Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement. The person(s) signing this Settlement Agreement on behalf of Defendant represent and warrant that they are authorized to sign this Settlement Agreement on behalf of Defendant.

22. **<u>Binding on Successors and Assigns.</u>**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs and legal representatives of the Parties hereto, as previously defined.

23. **<u>Illinois Law Governs.</u>**

All terms of this Settlement Agreement and the Exhibits hereto shall be governed by and interpreted according to the laws of the State of Illinois.

24. **<u>Counterparts.</u>**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

25.     **This Settlement is Fair, Adequate, and Reasonable.**

The Parties warrant and represent they have read this Settlement Agreement and that they believe this Settlement is a fair, adequate, and reasonable settlement of this Action and have arrived at this Settlement in arms' length negotiations, taking into account all relevant factors, present and potential.  This Settlement was reached after extensive negotiations.

26.     **Jurisdiction of the Court.**

The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

27.     **Cooperation and Drafting.**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement.  Hence, in any construction of the terms of this this Settlement Agreement, the terms shall not be construed against any of the Parties.

28.     **Invalidity of Any Provision.**

The Parties to this Settlement Agreement agree that each and every provision of this Settlement Agreement shall be deemed to be contractual and that they shall not be treated as mere recitals at any time or for any purpose.  Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

Dated: _____, 2020       LINDA CALHOUN

_____

Linda Calhoun

Dated: _____, 2020       LAW OFFICE OF JAMES X. BORMES, P.C.

By: _____

James X. Bormes, Plaintiff's Attorney

Dated: _____, 2020       LAW OFFICE OF THOMAS M. RYAN, P.C.

By: _____

Thomas M. Ryan, Plaintiff's Attorney

Dated: _____, 2020       AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC.

By: _____

[Name, Title]

Dated: _____, 2020       LITTLER MENDELSON, P.C.

By: _____

Jody Boquist, Defendant's Attorney

25

Exhibit A-1

## CLAIM FORM AND CONSENT TO JOIN

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

### Instructions

Please carefully read the **Notice of Class and Collective Action Settlement** ("Notice"), which is included with this **Claim Form**. If you wish to participate in the Settlement, you **must** take all of the following steps:

- Complete all sections of this Claim Form.
- Sign and date this Claim Form below, attesting that the statements and information you have provided are true and correct to the best of your knowledge.
- Submit this Claim Form to the Claims Administrator at the following address:

Analytics LLC
[contact info]

**IMPORTANT: YOUR CLAIM FORM *MUST BE POSTMARKED BY AND MAILED TO* THE CLAIMS ADMINISTRATOR BY [60 days] IN ORDER TO BE TIMELY AND VALID. YOUR FAILURE TO SUBMIT A TIMELY CLAIM FORM WILL RESULT IN YOU FORFEITING ANY PAYMENT FOR WHICH YOU MAY BE ELIGIBLE UNDER THE SETTLEMENT.**

---

By signing and submitting this Claim Form And Consent to Join, you acknowledge the following: I have received and reviewed the Class and Collective Notice and understand its terms and statements. I submit this Claim Form under the terms of the Notice and the Settlement Agreement described in the Notice.

I understand that this lawsuit, entitled *Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.,* Case No. 19 CV 1810, was brought in the United States District Court for the Northern District of Illinois, Eastern Division, alleging that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock, in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*., and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. Defendant denies all of the Named Plaintiff's allegations.

I hereby agree to opt-in to become a plaintiff in this matter, I consent and agree to be bound by and participate in the settlement entered in the litigation and approved by the Court as fair, adequate and reasonable. I also consent and agree to be bound by any adjudication of this action by the Court. I hereby designate James X. Bormes and Catherine P. Sons of Law

Office of James X. Bormes, P.C., and Thomas M. Ryan of Law Office of Thomas M. Ryan, P.C., to represent me in this action.

By signing below, I fully and finally discharge and release Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties"), from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, including without limitation claims for unpaid wages, unpaid wages, gap time, overtime wages, interest, penalties, liquidated damages, and attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Signature: _____

Your Name: _____
                   First                 Middle                 Last

Your Address: _____
               Street          Apt.      City      State     Zip Code

Your Telephone Number: _____

Your Email Address: _____

Exhibit A-2

## CLAIM FORM AND CONSENT TO JOIN

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

### Instructions

Please carefully read the **Notice of Class and Collective Action Settlement** ("Notice"), which is included with this **Claim Form**.  If you wish to participate in the Settlement, you **must** take all of the following steps:

- Complete all sections of this Claim Form and the enclosed Form W-9.
- Sign and date this Claim Form below, attesting that the statements and information you have provided are true and correct to the best of your knowledge.
- Submit this Claim Form and the enclosed Form W-9 to the Claims Administrator at the following address:

Analytics LLC
[contact info]

**IMPORTANT:  YOUR CLAIM FORM AND FORM W-9 *MUST BE POSTMARKED BY AND MAILED TO* THE CLAIMS ADMINISTRATOR BY [60 days] IN ORDER TO BE TIMELY AND VALID.  YOUR FAILURE TO SUBMIT A TIMELY CLAIM FORM WILL RESULT IN YOU FORFEITING ANY PAYMENT FOR WHICH YOU MAY BE ELIGIBLE UNDER THE SETTLEMENT.**

---

By signing and submitting this Claim Form And Consent to Join, you acknowledge the following: I have received and reviewed the Class and Collective Notice and understand its terms and statements.  I submit this Claim Form under the terms of the Notice and the Settlement Agreement described in the Notice.

I understand that this lawsuit, entitled *Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.,* Case No. 19 CV 1810, was brought in the United States District Court for the Northern District of Illinois, Eastern Division, alleging that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock, in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*  Defendant denies all of the Named Plaintiff's allegations.

I hereby agree to opt-in to become a plaintiff in this matter, I consent and agree to be bound by and participate in the settlement entered in the litigation and approved by the Court as fair, adequate and reasonable.  I also consent and agree to be bound by any adjudication of this action by the Court.  I hereby designate James X. Bormes and Catherine P. Sons of Law

Office of James X. Bormes, P.C., and Thomas M. Ryan of Law Office of Thomas M. Ryan, P.C., to represent me in this action.

By signing below, I fully and finally discharge and release Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties"), from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, including without limitation claims for unpaid wages, unpaid wages, gap time, overtime wages, interest, penalties, liquidated damages, and attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Signature: _____

Your Name: _____

|  | First | Middle | Last |
|---|---|---|---|

Your Address: _____

|  | Street | Apt. | City | State | Zip Code |
|---|---|---|---|---|---|

Your Telephone Number: _____

Your Email Address: _____

Exhibit A-3

## CLAIM FORM AND CONSENT TO JOIN

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

### Instructions

Please carefully read the **Notice of Class and Collective Action Settlement** ("Notice"), which is included with this **Claim Form**. If you wish to participate in the Settlement, you **must** take all of the following steps:

- Complete all sections of this Claim Form.
- Sign and date this Claim Form below, attesting that the statements and information you have provided are true and correct to the best of your knowledge.
- Submit this Claim Form to the Claims Administrator at the following address:

Analytics LLC
[contact info]

**IMPORTANT: YOUR CLAIM FORM *MUST BE POSTMARKED BY AND MAILED TO* THE CLAIMS ADMINISTRATOR BY [60 days] IN ORDER TO BE TIMELY AND VALID. YOUR FAILURE TO SUBMIT A TIMELY CLAIM FORM WILL RESULT IN YOU FORFEITING ANY PAYMENT FOR WHICH YOU MAY BE ELIGIBLE UNDER THE SETTLEMENT. IF YOU WORKED FOR AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC. YOUR FAILURE TO SUBMIT A TIMELY CLAIM FORM WILL RESULT IN A WAIVER OF RIGHTS AND CLAIMS UNDER THE ILLINOIS MINIMUM WAGE LAW AND THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT RELATING TO ANY WORK YOU PERFORMED AS A TELEPHONE-DEDICATED EMPLOYEE FOR AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC. THAT MAY HAVE BEEN DUE TO YOU DURING THE PERIOD FROM MARCH 14, 2016 THROUGH AUGUST 19, 2020.**

By signing and submitting this Claim Form And Consent to Join, you acknowledge the following: I have received and reviewed the Class and Collective Notice and understand its terms and statements. I submit this Claim Form under the terms of the Notice and the Settlement Agreement described in the Notice.

I understand that this lawsuit, entitled *Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.,* Case No. 19 CV 1810, was brought in the United States District Court for the Northern District of Illinois, Eastern Division, alleging that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock, in violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Fair

Labor Standards Act, 29 U.S.C. 201 *et seq*. Defendant denies all of the Named Plaintiff's allegations.

I hereby agree to opt-in to become a plaintiff in this matter, I consent and agree to be bound by and participate in the settlement entered in the litigation and approved by the Court as fair, adequate and reasonable. I also consent and agree to be bound by any adjudication of this action by the Court. I hereby designate James X. Bormes and Catherine P. Sons of Law Office of James X. Bormes, P.C., and Thomas M. Ryan of Law Office of Thomas M. Ryan, P.C., to represent me in this action.

By signing below, I fully and finally discharge and release Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties"), from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*., and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*., including without limitation claims for unpaid wages, unpaid wages, gap time, overtime wages, interest, penalties, liquidated damages, and attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Signature: _____

Your Name: _____
               First                 Middle                 Last

Your Address: _____
           Street           Apt.     City       State     Zip Code

Your Telephone Number: _____

Your Email Address: _____

Exhibit A-4

**CLAIM FORM AND CONSENT TO JOIN**

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

**Instructions**

Please carefully read the **Notice of Class and Collective Action Settlement** ("Notice"), which is included with this **Claim Form**. If you wish to participate in the Settlement, you **must** take all of the following steps:

- Complete all sections of this Claim Form and the enclosed Form W-9.
- Sign and date this Claim Form below, attesting that the statements and information you have provided are true and correct to the best of your knowledge.
- Submit this Claim Form and the enclosed Form W-9 to the Claims Administrator at the following address:

Analytics LLC
[contact info]

**IMPORTANT: YOUR CLAIM FORM AND FORM W-9 *MUST BE POSTMARKED BY AND MAILED TO* THE CLAIMS ADMINISTRATOR BY [60 days] IN ORDER TO BE TIMELY AND VALID. YOUR FAILURE TO SUBMIT A TIMELY CLAIM FORM WILL RESULT IN YOU FORFEITING ANY PAYMENT FOR WHICH YOU MAY BE ELIGIBLE UNDER THE SETTLEMENT. IF YOU WORKED FOR AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC. YOUR FAILURE TO SUBMIT A TIMELY CLAIM FORM WILL RESULT IN A WAIVER OF RIGHTS AND CLAIMS UNDER THE ILLINOIS MINIMUM WAGE LAW AND THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT RELATING TO ANY WORK YOU PERFORMED AS A TELEPHONE-DEDICATED CONTINGENT WORKER FOR AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC. THAT MAY HAVE BEEN DUE TO YOU DURING THE PERIOD FROM MARCH 14, 2016 THROUGH AUGUST 19, 2020.**

By signing and submitting this Claim Form And Consent to Join, you acknowledge the following: I have received and reviewed the Class and Collective Notice and understand its terms and statements. I submit this Claim Form under the terms of the Notice and the Settlement Agreement described in the Notice.

I understand that this lawsuit, entitled *Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.,* Case No. 19 CV 1810, was brought in the United States District Court for the Northern District of Illinois, Eastern Division, alleging that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock, in violation of the Illinois Minimum Wage Law, 820 ILCS

105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* Defendant denies all of the Named Plaintiff's allegations.

I hereby agree to opt-in to become a plaintiff in this matter, I consent and agree to be bound by and participate in the settlement entered in the litigation and approved by the Court as fair, adequate and reasonable. I also consent and agree to be bound by any adjudication of this action by the Court. I hereby designate James X. Bormes and Catherine P. Sons of Law Office of James X. Bormes, P.C., and Thomas M. Ryan of Law Office of Thomas M. Ryan, P.C., to represent me in this action.

By signing below, I fully and finally discharge and release Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties"), from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, including without limitation claims for unpaid wages, unpaid wages, gap time, overtime wages, interest, penalties, liquidated damages, and attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Signature: _____

Your Name:    _____
                        First                    Middle                    Last

Your Address: _____
                      Street              Apt.     City     State     Zip Code

Your Telephone Number: _____

Your Email Address: _____

# Exhibit B-1

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT

in

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

**ATTENTION: YOU ARE HEREBY ADVISED OF A SETTLEMENT THAT WAS REACHED IN THE ABOVE-REFERENCED CLASS AND COLLECTIVE ACTION LAWSUIT. UNDER THE SETTLEMENT, YOU ARE ENTITLED TO RECEIVE A PAYMENT IN THE GROSS AMOUNT OF $[_____], LESS APPLICABLE TAXES, INCLUDING PAYROLL TAX WITHHOLDING ON THE SETTLEMENT PAYMENT.**

UNDER THE SETTLEMENT, YOU ARE ELIGIBLE TO RECEIVE $21.38 FOR EACH WORKWEEK OF 39.5 HOURS OR MORE WHICH YOU WORKED FOR DEFENDANT DURING THE CLASS PERIOD OF MARCH 14, 2016 TO AUGUST 19, 2020. DEFENDANT'S RECORDS SHOW THAT YOU WORKED A TOTAL OF ___ WORKWEEKS OF 39.5 HOURS OR MORE DURING THE CLASS PERIOD. THEREFORE, THE GROSS AMOUNT OF YOUR SETTLEMENT PAYMENT WAS CALCULATED AS FOLLOWS: [__WORKWEEKS X $21.38 = [TOTAL SETTLEMENT PAYMENT].

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT SUMMARIZES THE SETTLEMENT AND EXPLAINS THE STEPS YOU MUST TAKE TO PARTICIPATE IN THE SETTLEMENT AND COLLECT THE ABOVE PAYMENT.**

**(1) THE PURPOSE OF THIS NOTICE**. The purpose of this notice is to inform you that a settlement has been reached in the above-referenced lawsuit that was filed against Aon Hewitt Health Market Insurance Solutions, Inc. ("Defendant") by Named Plaintiff Linda Calhoun, a former hourly contingent worker placed with Defendant, on her own behalf and on behalf of other similarly situated telephone-dedicated hourly employees and contingent workers. Defendant has denied all wrongdoing, but the parties have negotiated a settlement to resolve the matter. Relevant information regarding the lawsuit, the basic terms of the settlement, and how you can participate in the settlement, is set forth below.

**(2) WHAT IS THIS LAWSUIT ABOUT?** Named Plaintiff was placed as a contingent hourly worker with Defendant. She filed a lawsuit claiming Defendant violated the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"). Named Plaintiff claimed, among other things, that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock.

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the lawsuit, and specifically, Defendant asserts that its pay practices complied with the FLSA, the IMWL, the IWPCA and all other federal and state laws.

The Court has not made any ruling on the merits of the Named Plaintiff's claims, and no party has prevailed in this action.

**(3)     THE SETTLEMENT AGREEMENT AND METHOD FOR CALCULATING SETTLEMENT PAYMENTS.**  The parties reached a settlement of this matter on August 19, 2020, that has been preliminarily approved by the Court.  You are receiving this notice because you are eligible to participate in the settlement.

The total amount of money available to be paid to Class and Collective Members under the settlement is $765,500.  Individual settlement amounts are based upon the number of workweeks of 39.5 hours or more that you worked for Defendant as a telephone-dedicated employee during the Class Period of March 14, 2016 to August 19, 2020.

**(4)     BASED UPON MY WORK HISTORY WITH DEFENDANT, WHAT AMOUNT MAY I BE ELIGIBLE TO RECEIVE UNDER THIS SETTLEMENT?**  Your proposed gross settlement payment is $_____.  At the Final Approval Hearing described in paragraph 11 below, the Court will rule upon whether this settlement is finally approved and, if so, you will receive a gross check in that amount if you submit a valid and timely Claim Form.  Your proposed settlement payment is based on the number of workweeks of 39.5 hours or more in which you worked for Defendant in a telephone-dedicated position during the Class Period.  Defendant's records show that you worked a total of ___ workweeks of 39.5 hours or more in a telephone-dedicated position during the Class Period.  Therefore, your proposed gross Settlement Payment was calculated as follows:  [__Workweeks x $21.38] = [Total Gross Settlement Payment].

Fifty percent (50%) of your settlement payment will constitute wage income, and will be subject to ordinary payroll and income taxes and withholding.  These taxes and withholdings will be deducted from the settlement checks, which are treated as wages and, at the end of the tax year, will be reported on IRS Form W-2.  Fifty percent (50%) of your settlement payment will constitute liquidated damages/penalties and will be reported on IRS Form 1099.  Neither Class Counsel nor Defendant or its counsel make any representations concerning the tax consequences of this Settlement or your participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

To participate in the Settlement, please carefully review this Notice, sign and return the enclosed Claim Form to the Claims Administrator by the Claims Deadline, and a settlement payment will be mailed to you in the event that the Court finally approves the Settlement.  Defendant will not take any action against individuals because they participate in the Settlement.

**(5)     WHAT ARE MY OPTIONS?**  As a Collective Member, you have the following two (2) options:

(a)     **Submit a Claim.**  If you wish to participate in and receive money from the settlement, you must submit a Claim Form to the Claims Administrator at the following address:

Analytics LLC
[Claims Administrator info]

A copy of the required Claim Form is included with this Notice.  Your Claim Form **must be postmarked by and mailed to** the Claims Administrator no later than [**60 days**] in order to be considered timely and valid.  If you do not mail your Claim Form by [**60 days**], then your Claim Form will not be valid or timely and, therefore, you will not be able to participate in the settlement or receive a settlement payment.

If you submit a Claim Form, you will be agreeing to the waiver and release of claims included in the Settlement Agreement and contained on the Claim Form in exchange for a settlement payment**.**

(b)     **Do Nothing**.  If you do not wish to participate in, or be bound by, the settlement, you should not return the Claim Form.  If you do not timely return a completed Claim Form postmarked or otherwise received by [60 Days], you will not receive a settlement payment and you will not release any claims against Defendant.

**(6)     WAIVER AND RELEASE OF CLAIMS.**  As of the Effective Date of the Settlement Agreement, if you submit a Claim Form and receive a Settlement Payment, you will be deemed to have forever discharged and released, on behalf of yourself and each of your heirs, representatives, successors, assigns, attorneys, and any person acting or claiming to act on your behalf, Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties") from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*., including without limitation claims for the unpaid wages as alleged in the original Complaint and Amended Complaint, gap time, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Class and Collective Members do not release or waive any claims that may not be released or waived unless otherwise allowed by state and/or federal law.

3

**(7)   WHO SHOULD I CONTACT IF I HAVE QUESTIONS ABOUT MY SETTLEMENT PAYMENT?**  The Claims Administrator, who is identified above, is available to answer questions you may have about the Settlement Payment.

**(8)   IF I HAVE QUESTIONS ABOUT MY LEGAL RIGHTS IN THIS CASE, DO I HAVE A LAWYER TO CONTACT?**  The Court has designated the following lawyers to serve as "Class Counsel" and to represent the interests of the Named Plaintiff and the Class and Collective Members:

James X. Bormes                          Thomas M. Ryan
Catherine P. Sons                        Law Offices of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.      35 E. Wacker Drive
8 S. Michigan Ave                        Suite 650
Suite 2600                               Chicago, IL 60601
Chicago, IL 60603                        (312) 726-3400
(312) 201-0575                           tom@tomryanlaw.com
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

The above lawyers represent your legal interests and will answer your questions in strict confidence.  Please feel free to contact them with any questions or issues about your legal rights.

**(9)   HOW WILL THE LAWYERS GET PAID?**  The lawyers identified above have worked on this lawsuit without receiving any payment for their time or out-of-pocket expenses.  Under the settlement, the Court will consider the lawyers' request for attorneys' fees and out-of-pocket expenses totaling $455,500.  You will not pay any lawyer's fees or expenses out of your individual share of the settlement proceeds.

**(10)   WHAT WILL THE NAMED PLAINTIFF RECEIVE?**  The Court will consider the Named Plaintiff's (*i.e.*, Linda Calhoun) request for a service payment of $10,000.00 and her request for a service payment to opt-in Plaintiff Janice Cohen in the amount of $5,000.00.  These payments are requested due to the efforts of the Named Plaintiff and opt-in Plaintiff Janice Cohen in filing this lawsuit, participating in the litigation process, and assisting in achieving this settlement.

**(11)   THE HEARING ON THE SETTLEMENT.**  A Final Approval Hearing on the proposed Settlement will be held on [_____] at ____ a.m./p.m. via [Zoom] before the Honorable Magistrate Judge Susan E. Cox, United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, to determine whether the settlement should be confirmed and approved as fair, reasonable and adequate (the "Final Approval Hearing").  Without further notice, this hearing may be adjourned from time to time.

**(12)   EXAMINATION OF COURT FILE.**  All of the above descriptions of this lawsuit, the Settlement, and other matters are only summaries.  All documents filed in this lawsuit, including the full Settlement Agreement that details the terms of the settlement, may be inspected at the

office of the United States District Court, Northern District of Illinois, Eastern Division, 219 Dearborn Street, Chicago, Illinois, or by contacting Class Counsel.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LAWSUIT TO DEFENDANT, THE CLERK OF THE COURT, OR TO THE JUDGE.**

Exhibit B-2

## <u>NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT</u>
in

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

<u>United States District Court for the Northern District of Illinois, Eastern Division</u>
<u>Case No. 19 CV 1810</u>

**<u>ATTENTION</u>: YOU ARE HEREBY ADVISED OF A SETTLEMENT THAT WAS REACHED IN THE ABOVE-REFERENCED CLASS AND COLLECTIVE ACTION LAWSUIT. UNDER THE SETTLEMENT, YOU ARE ENTITLED TO RECEIVE A PAYMENT IN THE GROSS AMOUNT OF $[_____], LESS APPLICABLE TAXES, INCLUDING PAYROLL TAX WITHHOLDING ON THE SETTLEMENT PAYMENT.**

UNDER THE SETTLEMENT, YOU ARE ELIGIBLE TO RECEIVE $21.38 FOR EACH WORKWEEK OF 39.5 HOURS OR MORE WHICH YOU WORKED WHILE PLACED WITH DEFENDANT DURING THE CLASS PERIOD OF MARCH 14, 2016 TO AUGUST 19, 2020. DEFENDANT'S RECORDS SHOW THAT YOU WORKED A TOTAL OF ___ WORKWEEKS OF 39.5 HOURS OR MORE DURING THE CLASS PERIOD. THEREFORE, THE GROSS AMOUNT OF YOUR SETTLEMENT PAYMENT WAS CALCULATED AS FOLLOWS: [__WORKWEEKS X $21.38 = [TOTAL SETTLEMENT PAYMENT].

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT SUMMARIZES THE SETTLEMENT AND EXPLAINS THE STEPS YOU MUST TAKE TO PARTICIPATE IN THE SETTLEMENT AND COLLECT THE ABOVE PAYMENT.**

**(1)** **THE PURPOSE OF THIS NOTICE**. The purpose of this notice is to inform you that a settlement has been reached in the above-referenced lawsuit that was filed against Aon Hewitt Health Market Insurance Solutions, Inc. ("Defendant") by Named Plaintiff Linda Calhoun, a former hourly contingent worker placed with Defendant, on her own behalf and on behalf of other similarly situated telephone-dedicated hourly employees and contingent workers. Defendant has denied all wrongdoing, but the parties have negotiated a settlement to resolve the matter. Relevant information regarding the lawsuit, the basic terms of the settlement, and how you can participate in the settlement, is set forth below.

**(2)** **WHAT IS THIS LAWSUIT ABOUT?** Named Plaintiff was placed as an hourly contingent worker with Defendant. She filed a lawsuit claiming Defendant violated the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"). Named Plaintiff claimed, among other things, that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock.

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the lawsuit, and specifically, Defendant asserts that its pay practices complied with the FLSA, the IMWL, the IWPCA and all other federal and state laws.

The Court has not made any ruling on the merits of the Named Plaintiff's claims, and no party has prevailed in this action.

**(3)  THE SETTLEMENT AGREEMENT AND METHOD FOR CALCULATING SETTLEMENT PAYMENTS.**  The parties reached a settlement of this matter on August 19, 2020, that has been preliminarily approved by the Court.  You are receiving this notice because you are eligible to participate in the settlement.

The total amount of money available to be paid to Class and Collective Members under the settlement is $765,500.  Individual settlement amounts are based upon the number of workweeks of 39.5 hours or more that you worked for Defendant as a telephone-dedicated contingent worker during the Class Period of March 14, 2016 to August 19, 2020.

**(4)  BASED UPON MY WORK HISTORY WITH DEFENDANT, WHAT AMOUNT MAY I BE ELIGIBLE TO RECEIVE UNDER THIS SETTLEMENT?**  Your proposed gross settlement payment is $_____.  At the Final Approval Hearing described in paragraph 11 below, the Court will rule upon whether this settlement is finally approved and, if so, you will receive a gross check in that amount if you submit a valid and timely Claim Form.  Your proposed settlement payment is based on the number of workweeks of 39.5 hours or more in which you worked while placed with Defendant in a telephone-dedicated position during the Class Period.  Defendant's records show that you worked a total of ___ workweeks of 39.5 hours or more in a telephone-dedicated position during the Class Period.  Therefore, your proposed gross Settlement Payment was calculated as follows:  [__Workweeks x $21.38] = [Total Gross Settlement Payment].

Fifty percent (50%) of your settlement payment will constitute wage income, and will be subject to ordinary payroll and income taxes and withholding.  These taxes and withholdings will be deducted from the settlement checks, which are treated as wages and, at the end of the tax year, will be reported on IRS Form W-2.  Fifty percent (50%) of your settlement payment will constitute liquidated damages/penalties and will be reported on IRS Form 1099.  Neither Class Counsel nor Defendant or its counsel make any representations concerning the tax consequences of this Settlement or your participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

To participate in the Settlement, please carefully review this Notice, sign and return the enclosed Claim Form to the Claims Administrator by the Claims Deadline, and a settlement payment will be mailed to you in the event that the Court finally approves the Settlement.  Defendant will not take any action against individuals because they participate in the Settlement.

**(5)  WHAT ARE MY OPTIONS?**  As a Collective Member, you have the following two (2) options:

(a) **Submit a Claim.** If you wish to participate in and receive money from the settlement, you must submit a Claim Form and IRS Form W-9 to the Claims Administrator at the following address:

Analytics LLC
[Claims Administrator info]

A copy of the required Claim Form and Form W-9 are included with this Notice. Your Claim Form and Form W-9 **must be postmarked by and mailed to** the Claims Administrator no later than [**60 days**] in order to be considered timely and valid. If you do not mail your Claim Form and Form W-9 by [**60 days**], then your Claim Form will not be valid or timely and, therefore, you will not be able to participate in the settlement or receive a settlement payment. Please be assured that the Claims Administrator will keep the information contained on your Form W-9 confidential, and will use the information only for tax reporting purposes.

If you submit a Claim Form, you will be agreeing to the waiver and release of claims included in the Settlement Agreement and contained on the Claim Form in exchange for a settlement payment**.**

(b) **Do Nothing**. If you do not wish to participate in, or be bound by, the settlement, you should not return the Claim Form or Form W-9. If you do not timely return a completed Claim Form postmarked or otherwise received by [60 Days], you will not receive a settlement payment and you will not release any claims against Defendant.

**(6) WAIVER AND RELEASE OF CLAIMS.** As of the Effective Date of the Settlement Agreement, if you submit a Claim Form and receive a settlement payment, you will be deemed to have forever discharged and released, on behalf of yourself and each of your heirs, representatives, successors, assigns, attorneys, and any person acting or claiming to act on your behalf, Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties") from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*., including without limitation claims for the unpaid wages as alleged in the original Complaint and Amended Complaint, gap time, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Class and Collective Members do not release or waive any claims that may not be released or waived unless otherwise allowed by state and/or federal law.

**(7)     WHO SHOULD I CONTACT IF I HAVE QUESTIONS ABOUT MY SETTLEMENT PAYMENT?**  The Claims Administrator, who is identified above, is available to answer questions you may have about the Settlement Payment.

**(8)     IF I HAVE QUESTIONS ABOUT MY LEGAL RIGHTS IN THIS CASE, DO I HAVE A LAWYER TO CONTACT?**  The Court has designated the following lawyers to serve as "Class Counsel" and to represent the interests of the Named Plaintiff and the Class and Collective Members:

James X. Bormes                              Thomas M. Ryan
Catherine P. Sons                            Law Offices of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.          35 E. Wacker Drive
8 S. Michigan Ave                            Suite 650
Suite 2600                                   Chicago, IL 60601
Chicago, IL 60603                            (312) 726-3400
(312) 201-0575                               tom@tomryanlaw.com
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

The above lawyers represent your legal interests and will answer your questions in strict confidence.  Please feel free to contact them with any questions or issues about your legal rights.

**(9)     HOW WILL THE LAWYERS GET PAID?**  The lawyers identified above have worked on this lawsuit without receiving any payment for their time or out-of-pocket expenses.  Under the settlement, the Court will consider the lawyers' request for attorneys' fees and out-of-pocket expenses totaling $455,500.  You will not pay any lawyer's fees or expenses out of your individual share of the settlement proceeds.

**(10)     WHAT WILL THE NAMED PLAINTIFF RECEIVE?**  The Court will consider the Named Plaintiff's (*i.e.*, Linda Calhoun) request for a service payment of $10,000.00 and her request for a service payment to opt-in Plaintiff Janice Cohen in the amount of $5,000.00.  These payments are requested due to the efforts of the Named Plaintiff and opt-in Plaintiff Janice Cohen in filing this lawsuit, participating in the litigation process, and assisting in achieving this settlement.

**(11)     THE HEARING ON THE SETTLEMENT.**  A Final Approval Hearing on the proposed Settlement will be held on [_____] at ____ a.m./p.m. via [Zoom] before the Honorable Magistrate Judge Susan E. Cox, United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, to determine whether the settlement should be confirmed and approved as fair, reasonable and adequate (the "Final Approval Hearing").  Without further notice, this hearing may be adjourned from time to time.

**(12)** **EXAMINATION OF COURT FILE.** All of the above descriptions of this lawsuit, the Settlement, and other matters are only summaries. All documents filed in this lawsuit, including the full Settlement Agreement that details the terms of the settlement, may be inspected at the office of the United States District Court, Northern District of Illinois, Eastern Division, 219 Dearborn Street, Chicago, Illinois, or by contacting Class Counsel.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LAWSUIT TO DEFENDANT, THE CLERK OF THE COURT, OR TO THE JUDGE.**

# Exhibit B-3

## NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT
in

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

**ATTENTION: YOU ARE HEREBY ADVISED OF A SETTLEMENT THAT WAS REACHED IN THE ABOVE-REFERENCED CLASS AND COLLECTIVE ACTION LAWSUIT. UNDER THE SETTLEMENT, YOU ARE ENTITLED TO RECEIVE A PAYMENT IN THE GROSS AMOUNT OF $[_____], LESS APPLICABLE TAXES, INCLUDING PAYROLL TAX WITHHOLDING ON THE SETTLEMENT PAYMENT.**

UNDER THE SETTLEMENT, YOU ARE ELIGIBLE TO RECEIVE $21.38 FOR EACH WORKWEEK OF 39.5 HOURS OR MORE WHICH YOU WORKED FOR DEFENDANT DURING THE CLASS PERIOD OF MARCH 14, 2016 TO AUGUST 19, 2020. DEFENDANT'S RECORDS SHOW THAT YOU WORKED A TOTAL OF ___ WORKWEEKS OF 39.5 HOURS OR MORE DURING THE CLASS PERIOD. THEREFORE, THE GROSS AMOUNT OF YOUR SETTLEMENT PAYMENT WAS CALCULATED AS FOLLOWS: [__WORKWEEKS X $21.38 = [TOTAL SETTLEMENT PAYMENT].

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT SUMMARIZES THE SETTLEMENT AND EXPLAINS THE STEPS YOU MUST TAKE TO EITHER: (1) PARTICIPATE IN THE SETTLEMENT AND COLLECT THE ABOVE PAYMENT; (2) EXCLUDE YOURSELF FROM THE SETTLEMENT; OR (3) OBJECT TO THE SETTLEMENT.**

**(1)     THE PURPOSE OF THIS NOTICE**.  The purpose of this notice is to inform you that a settlement has been reached in the above-referenced lawsuit that was filed against Aon Hewitt Health Market Insurance Solutions, Inc. ("Defendant") by Named Plaintiff Linda Calhoun, a former hourly contingent worker placed with Defendant, on her own behalf and on behalf of other similarly situated telephone-dedicated hourly employees and contingent workers. Defendant has denied all wrongdoing, but the parties have negotiated a settlement to resolve the matter. Relevant information regarding the lawsuit, the basic terms of the settlement, and how you can participate in the settlement, is set forth below.

**(2)     WHAT IS THIS LAWSUIT ABOUT?**   Named Plaintiff was placed as a contingent hourly worker with Defendant. She filed a lawsuit claiming Defendant violated the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"). Named Plaintiff claimed, among other things, that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock.

1

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the lawsuit, and specifically, Defendant asserts that its pay practices complied with the FLSA, the IMWL, the IWPCA and all other federal and state laws.

The Court has not made any ruling on the merits of the Named Plaintiff's claims, and no party has prevailed in this action.

**(3)    THE SETTLEMENT AGREEMENT AND METHOD FOR CALCULATING SETTLEMENT PAYMENTS.**    The parties reached a settlement of this matter on August 19, 2020, that has been preliminarily approved by the Court.  You are receiving this notice because you are eligible to participate in the settlement.

The total amount of money available to be paid to Class and Collective Members under the settlement is $765,500.  Individual settlement amounts are based upon the number of workweeks of 39.5 hours or more that you worked for Defendant as a telephone-dedicated employee during the Class Period of March 14, 2016 to August 19, 2020.

**(4)    BASED UPON MY WORK HISTORY WITH DEFENDANT, WHAT AMOUNT MAY I BE ELIGIBLE TO RECEIVE UNDER THIS SETTLEMENT?**  Your proposed gross settlement payment is $_____.  At the Final Approval Hearing described in paragraph 11 below, the Court will rule upon whether this settlement is finally approved and, if so, you will receive a gross check in that amount if you submit a valid and timely Claim Form.  Your proposed settlement payment is based on the number of workweeks of 39.5 hours or more in which you worked for Defendant in a telephone-dedicated position during the Class Period.  Defendant's records show that you worked a total of ___ workweeks of 39.5 hours or more in a telephone-dedicated position during the Class Period.  Therefore, your proposed gross Settlement Payment was calculated as follows:  [__Workweeks x $21.38] = [Total Gross Settlement Payment].

Fifty percent (50%) of your settlement payment will constitute wage income, and will be subject to ordinary payroll and income taxes and withholding.  These taxes and withholdings will be deducted from the settlement checks, which are treated as wages and, at the end of the tax year, will be reported on IRS Form W-2.  Fifty percent (50%) of your settlement payment will constitute liquidated damages/penalties and will be reported on IRS Form 1099.  Neither Class Counsel nor Defendant or its counsel make any representations concerning the tax consequences of this Settlement or your participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

To participate in the Settlement, please carefully review this Notice, sign and return the enclosed Claim Form to the Claims Administrator by the Claims Deadline, and a settlement payment will be mailed to you in the event that the Court finally approves the Settlement.  Defendant will not take any action against individuals because they participate in the Settlement.

**(5)    WHAT ARE MY OPTIONS?**  As a Class Member, you have the following three (3) options:

(a)     **Submit a Claim.**  If you wish to participate in and receive money from the settlement, you must submit a Claim Form to the Claims Administrator at the following address:

Analytics LLC
[Claims Administrator info]

A copy of the required Claim Form is included with this Notice.  Your Claim Form **must be postmarked by and mailed to** the Claims Administrator no later than **[60 days]** in order to be considered timely and valid.  If you do not mail your Claim Form by **[60 days]**, then your Claim Form will not be valid or timely and, therefore, you will not be able to participate in the settlement or receive a settlement payment, and you will waive your rights and claims under the IMWL and the IWPCA arising out of any work that you performed on behalf of Defendant and the Released Parties that may have been due to you during the period of March 14, 2016 through August 19, 2020.

If you submit a Claim Form, you will be agreeing to the waiver and release of claims included in the Settlement Agreement and contained on the Claim Form in exchange for a settlement payment.

(b)     **Exclude Yourself From the Lawsuit.**  You may exclude yourself from the lawsuit and "opt-out" of the settlement by submitting a written request for exclusion to the Claims Administrator at the address:

Analytics LLC
[Claims Administrator info]

Your request for exclusion **must be postmarked by and mailed to** the Claims Administrator no later than **[60 days]**.  The request for exclusion must include your name, address, and telephone number.  Persons who request exclusion from the lawsuit will not be bound by the Settlement Agreement, the release set forth therein, or any further proceedings in the lawsuit.

If you do not submit a timely request for exclusion from the lawsuit and settlement, (i) you will continue to be included in the lawsuit; (ii) you will be bound by the final order of dismissal in the lawsuit, and (iii) you will be bound by the Settlement Agreement, including the waiver and release of claims included therein and set forth in Paragraph 6 below.

(c)     **Object to the Settlement.**  If you are not satisfied with the proposed settlement and if you have not submitted a Request for Exclusion, you may object to the settlement by filing a written objection with the Claims Administrator at the address set forth in Paragraph 5(b) above, by no later than **[60 days]**.  The written objection must state the grounds for the objection with particularity and be accompanied by all documents upon which you rely in support of your objection.

If you file a written objection and intend to appear at the Final Approval Hearing, either in person or through counsel, you must state in your written objection that you intend to appear, the purpose of the appearance, whether you are represented by counsel, and, if so, the name and address of such counsel.  You will not be heard at the Final Approval Hearing unless you have filed a timely

3

and proper written objection. If you neither timely request exclusion under paragraph (5)(b), nor enter an appearance through counsel of your own choice, your interests and rights will be represented by Class Counsel.

**(6)** **WAIVER AND RELEASE OF CLAIMS.** As of the Effective Date of the Settlement Agreement, if you do not submit a Request for Exclusion from the Settlement, you will be deemed to have forever discharged and released, on behalf of yourself and each of your heirs, representatives, successors, assigns, attorneys, and any person acting or claiming to act on your behalf, Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties") from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*., including without limitation claims for unpaid wages, gap time, overtime wages, interest, penalties, liquidated damages, and attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Further, as of the Effective Date, if you submit a Claim Form and receive a Settlement Payment, you also will be deemed to have forever discharged and released the Released Parties from all wage and hour claims relating to unpaid work performed pre-shift or post-shift as alleged in Plaintiff's original and Amended Complaint and arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*., including without limitation claims for the unpaid wages as alleged in the original Complaint and Amended Complaint, gap time, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Class Members do not release or waive any claims that may not be released or waived unless otherwise allowed by state and/or federal law.

**(7)** **WHO SHOULD I CONTACT IF I HAVE QUESTIONS ABOUT MY SETTLEMENT PAYMENT?** The Claims Administrator, who is identified above, is available to answer questions you may have about the Settlement Payment.

**(8)** **IF I HAVE QUESTIONS ABOUT MY LEGAL RIGHTS IN THIS CASE, DO I HAVE A LAWYER TO CONTACT?** The Court has designated the following lawyers to serve as "Class Counsel" and to represent the interests of the Named Plaintiff and the Class Members:

James X. Bormes                                   Thomas M. Ryan
Catherine P. Sons                                 Law Offices of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.               35 E. Wacker Drive
8 S. Michigan Ave                                 Suite 650
Suite 2600                                        Chicago, IL 60601
Chicago, IL 60603                                 (312) 726-3400
(312) 201-0575                                    tom@tomryanlaw.com
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

The above lawyers represent your legal interests and will answer your questions in strict confidence. Please feel free to contact them with any questions or issues about your legal rights.

**(9)     HOW WILL THE LAWYERS GET PAID?**  The lawyers identified above have worked on this lawsuit without receiving any payment for their time or out-of-pocket expenses. Under the settlement, the Court will consider the lawyers' request for attorneys' fees and out-of-pocket expenses totaling $455,500. You will not pay any lawyer's fees or expenses out of your individual share of the settlement proceeds.

**(10)     WHAT WILL THE NAMED PLAINTIFF RECEIVE?**  The Court will consider the Named Plaintiff's (*i.e.*, Linda Calhoun) request for a service payment of $10,000.00 and her request for a service payment to opt-in Plaintiff Janice Cohen in the amount of $5,000.00. These payments are requested due to the efforts of the Named Plaintiff and opt-in Plaintiff Janice Cohen in filing this lawsuit, participating in the litigation process, and assisting in achieving this settlement.

**(11)     THE HEARING ON THE SETTLEMENT.**  A Final Approval Hearing on the proposed Settlement will be held on [_____] at ____ a.m./p.m. via [Zoom] before the Honorable Magistrate Judge Susan E. Cox, United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, to determine whether the settlement should be confirmed and approved as fair, reasonable and adequate (the "Final Approval Hearing"). Without further notice, this hearing may be adjourned from time to time. If you are satisfied with the proposed settlement and if you do not wish to be heard, you need not appear at the Final Approval Hearing.

**(12)     EXAMINATION OF COURT FILE.**  All of the above descriptions of this lawsuit, the Settlement, and other matters are only summaries. All documents filed in this lawsuit, including the full Settlement Agreement that details the terms of the settlement, may be inspected at the office of the United States District Court, Northern District of Illinois, Eastern Division, 219 Dearborn Street, Chicago, Illinois, or by contacting Class Counsel.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LAWSUIT TO DEFENDANT, THE CLERK OF THE COURT, OR TO THE JUDGE.**

Exhibit B-4

<u>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT**</u>
in

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

<u>United States District Court for the Northern District of Illinois, Eastern Division</u>
<u>Case No. 19 CV 1810</u>

**<u>ATTENTION</u>: YOU ARE HEREBY ADVISED OF A SETTLEMENT THAT WAS REACHED IN THE ABOVE-REFERENCED CLASS AND COLLECTIVE ACTION LAWSUIT. UNDER THE SETTLEMENT, YOU ARE ENTITLED TO RECEIVE A PAYMENT IN THE GROSS AMOUNT OF $[_____], LESS APPLICABLE TAXES, INCLUDING PAYROLL TAX WITHHOLDING ON THE SETTLEMENT PAYMENT.**

UNDER THE SETTLEMENT, YOU ARE ELIGIBLE TO RECEIVE $21.38 FOR EACH WORKWEEK OF 39.5 HOURS OR MORE WHICH YOU WORKED WHILE PLACED WITH DEFENDANT DURING THE CLASS PERIOD OF MARCH 14, 2016 TO AUGUST 19, 2020. DEFENDANT'S RECORDS SHOW THAT YOU WORKED A TOTAL OF ___ WORKWEEKS OF 39.5 HOURS OR MORE DURING THE CLASS PERIOD. THEREFORE, THE GROSS AMOUNT OF YOUR SETTLEMENT PAYMENT WAS CALCULATED AS FOLLOWS: [__WORKWEEKS X $21.38 = [TOTAL SETTLEMENT PAYMENT].

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT SUMMARIZES THE SETTLEMENT AND EXPLAINS THE STEPS YOU MUST TAKE TO EITHER: (1) PARTICIPATE IN THE SETTLEMENT AND COLLECT THE ABOVE PAYMENT; (2) EXCLUDE YOURSELF FROM THE SETTLEMENT; OR (3) OBJECT TO THE SETTLEMENT.**

**(1)     THE PURPOSE OF THIS NOTICE.**   The purpose of this notice is to inform you that a settlement has been reached in the above-referenced lawsuit that was filed against Aon Hewitt Health Market Insurance Solutions, Inc. ("Defendant") by Named Plaintiff Linda Calhoun, a former hourly contingent worker placed with Defendant, on her own behalf and on behalf of other similarly situated telephone-dedicated hourly employees and contingent workers. Defendant has denied all wrongdoing, but the parties have negotiated a settlement to resolve the matter. Relevant information regarding the lawsuit, the basic terms of the settlement, and how you can participate in the settlement, is set forth below.

**(2)     WHAT IS THIS LAWSUIT ABOUT?**    Named Plaintiff was placed as an hourly contingent worker with Defendant. She filed a lawsuit claiming Defendant violated the Fair Labor Standards Act ("FLSA"), Illinois Minimum Wage Law ("IMWL") and Illinois Wage Payment and Collection Act ("IWPCA"). Named Plaintiff claimed, among other things, that Defendant violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to and after the beginning and end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock.

Defendant denies any liability or wrongdoing of any kind associated with the claims alleged by the Named Plaintiff in the lawsuit, and specifically, Defendant asserts that its pay practices complied with the FLSA, the IMWL, the IWPCA and all other federal and state laws.

The Court has not made any ruling on the merits of the Named Plaintiff's claims, and no party has prevailed in this action.

**(3)     THE SETTLEMENT AGREEMENT AND METHOD FOR CALCULATING SETTLEMENT PAYMENTS.**  The parties reached a settlement of this matter on August 19, 2020, that has been preliminarily approved by the Court.  You are receiving this notice because you are eligible to participate in the settlement.

The total amount of money available to be paid to Class and Collective Members under the settlement is $765,500.  Individual settlement amounts are based upon the number of workweeks of 39.5 hours or more that you worked for Defendant as a telephone-dedicated contingent worker during the Class Period of March 14, 2016 to August 19, 2020.

**(4)     BASED UPON MY WORK HISTORY WITH DEFENDANT, WHAT AMOUNT MAY I BE ELIGIBLE TO RECEIVE UNDER THIS SETTLEMENT?**  Your proposed gross settlement payment is $_____.  At the Final Approval Hearing described in paragraph 11 below, the Court will rule upon whether this settlement is finally approved and, if so, you will receive a gross check in that amount if you submit a valid and timely Claim Form.  Your proposed settlement payment is based on the number of workweeks of 39.5 hours or more in which you worked while placed with Defendant in a telephone-dedicated position during the Class Period.  Defendant's records show that you worked a total of ___ workweeks of 39.5 hours or more in a telephone-dedicated position during the Class Period.  Therefore, your proposed gross Settlement Payment was calculated as follows:  [__Workweeks x $21.38] = [Total Gross Settlement Payment].

Fifty percent (50%) of your settlement payment will constitute wage income, and will be subject to ordinary payroll and income taxes and withholding.  These taxes and withholdings will be deducted from the settlement checks, which are treated as wages and, at the end of the tax year, will be reported on IRS Form W-2.  Fifty percent (50%) of your settlement payment will constitute liquidated damages/penalties and will be reported on IRS Form 1099.  Neither Class Counsel nor Defendant or its counsel make any representations concerning the tax consequences of this Settlement or your participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

To participate in the Settlement, please carefully review this Notice, sign and return the enclosed Claim Form to the Claims Administrator by the Claims Deadline, and a settlement payment will be mailed to you in the event that the Court finally approves the Settlement.  Defendant will not take any action against individuals because they participate in the Settlement.

**(5)     WHAT ARE MY OPTIONS?**  As a Class Member, you have the following three (3) options:

(a)    **Submit a Claim.**    If you wish to participate in and receive money from the settlement, you must submit a Claim Form and IRS Form W-9 to the Claims Administrator at the following address:

Analytics LLC
[Claims Administrator info]

A copy of the required Claim Form and Form W-9 are included with this Notice.  Your Claim Form and Form W-9 **must be postmarked by and mailed to** the Claims Administrator no later than [**60 days**] in order to be considered timely and valid.  If you do not mail your Claim Form and Form W-9 by [**60 days**], then your Claim Form will not be valid or timely and, therefore, you will not be able to participate in the settlement or receive a settlement payment, and you will waive your rights and claims under the IMWL and the IWPCA arising out of any work that you performed on behalf of Defendant and the Released Parties that may have been due to you during the period of March 14, 2016 through August 19, 2020.  Please be assured that the Claims Administrator will keep the information contained on your Form W-9 confidential, and will use the information only for tax reporting purposes.

If you submit a Claim Form, you will be agreeing to the waiver and release of claims included in the Settlement Agreement and contained on the Claim Form in exchange for a settlement payment**.**

(b)    **Exclude Yourself From the Lawsuit.**    You may exclude yourself from the lawsuit and "opt-out" of the settlement by submitting a written request for exclusion to the Claims Administrator at the address:

Analytics LLC
[Claims Administrator info]

Your request for exclusion **must be postmarked by and mailed to** the Claims Administrator no later than [**60 days**].  The request for exclusion must include your name, address, and telephone number.  Persons who request exclusion from the lawsuit will not be bound by the Settlement Agreement, the release set forth therein, or any further proceedings in the lawsuit.

If you do not submit a timely request for exclusion from the lawsuit and settlement, (i) you will continue to be included in the lawsuit; (ii) you will be bound by the final order of dismissal in the lawsuit, and (iii) you will be bound by the Settlement Agreement, including the waiver and release of claims included therein and set forth in Paragraph 6 below.

(c)    **Object to the Settlement.**    If you are not satisfied with the proposed settlement and if you have not submitted a Request for Exclusion, you may object to the settlement by filing a written objection with the Claims Administrator at the address set forth in Paragraph 5(b) above, by no later than [**60 days**].  The written objection must state the grounds for the objection with particularity and be accompanied by all documents upon which you rely in support of your objection.

3

If you file a written objection and intend to appear at the Final Approval Hearing, either in person or through counsel, you must state in your written objection that you intend to appear, the purpose of the appearance, whether you are represented by counsel, and, if so, the name and address of such counsel. You will not be heard at the Final Approval Hearing unless you have filed a timely and proper written objection. If you neither timely request exclusion under paragraph (5)(b), nor enter an appearance through counsel of your own choice, your interests and rights will be represented by Class Counsel.

**(6)    WAIVER AND RELEASE OF CLAIMS.** As of the Effective Date of the Settlement Agreement, if you do not submit a Request for Exclusion from the Settlement, you will be deemed to have forever discharged and released, on behalf of yourself and each of your heirs, representatives, successors, assigns, attorneys, and any person acting or claiming to act on your behalf, Defendant AON Hewitt Health Market Insurance Solutions, Inc. and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, fiduciaries, partners, managers, supervisors, associates, agents, employees, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators, as well as all temporary or staffing agencies who supplied Defendant with individuals who are a part of this Settlement Class as well as their subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, attorneys, advisors, accountants, representatives, trustees, heirs, executors and administrators (the "Released Parties") from all wage and hour claims relating to unpaid work performed pre-shift, post-shift, or during meal breaks, as alleged in Plaintiff's Complaint and Amended Complaint, arising under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, including without limitation claims for unpaid wages, gap time, overtime wages, interest, penalties, liquidated damages, and attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Further, as of the Effective Date, if you submit a Claim Form and receive a Settlement Payment, you also will be deemed to have forever discharged and released the Released Parties from all wage and hour claims relating to unpaid work performed pre-shift or post-shift as alleged in Plaintiff's original and Amended Complaint and arising under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, including without limitation claims for the unpaid wages as alleged in the original Complaint and Amended Complaint, gap time, overtime wages, interest, penalties, liquidated damages, attorney's fees and costs relative to all such claims that arose prior to August 19, 2020.

Notwithstanding the foregoing and notwithstanding any term or provision to the contrary in this Settlement Agreement, the Class Members do not release or waive any claims that may not be released or waived unless otherwise allowed by state and/or federal law.

**(7)    WHO SHOULD I CONTACT IF I HAVE QUESTIONS ABOUT MY SETTLEMENT PAYMENT?** The Claims Administrator, who is identified above, is available to answer questions you may have about the Settlement Payment.

**(8)    IF I HAVE QUESTIONS ABOUT MY LEGAL RIGHTS IN THIS CASE, DO I HAVE A LAWYER TO CONTACT?**  The Court has designated the following lawyers to serve as "Class Counsel" and to represent the interests of the Named Plaintiff and the Class Members:

James X. Bormes                              Thomas M. Ryan
Catherine P. Sons                            Law Offices of Thomas M. Ryan, P.C.
Law Office of James X. Bormes, P.C.          35 E. Wacker Drive
8 S. Michigan Ave                            Suite 650
Suite 2600                                   Chicago, IL 60601
Chicago, IL 60603                            (312) 726-3400
(312) 201-0575                               tom@tomryanlaw.com
jxbormes@bormeslaw.com
cpsons@bormeslaw.com

The above lawyers represent your legal interests and will answer your questions in strict confidence.  Please feel free to contact them with any questions or issues about your legal rights.

**(9)    HOW WILL THE LAWYERS GET PAID?**  The lawyers identified above have worked on this lawsuit without receiving any payment for their time or out-of-pocket expenses.  Under the settlement, the Court will consider the lawyers' request for attorneys' fees and out-of-pocket expenses totaling $455,500.  You will not pay any lawyer's fees or expenses out of your individual share of the settlement proceeds.

**(10)    WHAT WILL THE NAMED PLAINTIFF RECEIVE?**  The Court will consider the Named Plaintiff's (*i.e.*, Linda Calhoun) request for a service payment of $10,000.00 and her request for a service payment to opt-in Plaintiff Janice Cohen in the amount of $5,000.00.  These payments are requested due to the efforts of the Named Plaintiff and opt-in Plaintiff Janice Cohen in filing this lawsuit, participating in the litigation process, and assisting in achieving this settlement.

**(11)    THE HEARING ON THE SETTLEMENT.**  A Final Approval Hearing on the proposed Settlement will be held on [_____] at ____ a.m./p.m. via [Zoom] before the Honorable Magistrate Judge Susan E. Cox, United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, to determine whether the settlement should be confirmed and approved as fair, reasonable and adequate (the "Final Approval Hearing").  Without further notice, this hearing may be adjourned from time to time.  If you are satisfied with the proposed settlement and if you do not wish to be heard, you need not appear at the Final Approval Hearing.

**(12)    EXAMINATION OF COURT FILE.**  All of the above descriptions of this lawsuit, the Settlement, and other matters are only summaries.  All documents filed in this lawsuit, including the full Settlement Agreement that details the terms of the settlement, may be inspected at the office of the United States District Court, Northern District of Illinois, Eastern Division, 219 Dearborn Street, Chicago, Illinois, or by contacting Class Counsel.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR LAWSUIT TO DEFENDANT, THE CLERK OF THE COURT, OR TO THE JUDGE.**

# Exhibit C

## REQUEST FOR EXCLUSION FORM

*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

United States District Court for the Northern District of Illinois, Eastern Division
Case No. 19 CV 1810

### PLEASE PRINT CLEARLY

I work or worked as a telephone-dedicated employee or contingent worker for Aon Hewitt Health Market Insurance Solutions, Inc. in Illinois at any time from March 14, 2016 to August 19, 2020.  I have received the Notice of Class and Collective Action Settlement.

I wish to be EXCLUDED from the settlement class and do NOT wish to participate in the proposed settlement of the lawsuit.  I understand that, by excluding myself from the lawsuit, I will not share in any settlement, and will not be bound by any rulings or verdict which may be made in the lawsuit.


DATED: _____          _____
                                                          (Signature)


                                                          _____
                                                          (Type or print your name)


                                                          _____

                                                          _____
                                                          (Address)

                                                          _____
                                                          (Telephone number)

SEND THIS REQUEST FOR EXCLUSION FORM TO:

[Insert Claims Administrator's Address]

THIS REQUEST FOR EXCLUSION FORM SHOULD BE POSTMARKED BY [date 60 days from mailing]. FORMS NOT POSTMARKED ON OR BEFORE [date 60 days from mailing] WILL BE REJECTED.

Exhibit D

PLEASE NOTE, THE FOLLOWING CONFIDENTIAL NOTICE DOES NOT REQUIRE ANY ACTION ON YOUR PART AND IS PROVIDED FOR INFORMATIONAL PURPOSES PURSUANT TO SECTION 1715 (a) OF THE CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA"), SECTION 1715(a).  SECTION 1715(f) OF THE CLASS ACTION FAIRNESS ACT OF 2005 STATES THAT "[N]OTHING IN THIS SECTION SHALL … IMPOSE ANY OBLIGATIONS, DUTIES, OR RESPONSIBILITIES UPON, FEDERAL OR STATE OFFICIALS."  28 U.S.C. § 1715(f).  AS A RESULT, THIS NOTICE DOES NOT REQUIRE YOU TO TAKE ANY AFFIRMATIVE ACTION INCLUDING ANY WRITTEN RESPONSE.

[DATE]

**BY CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

[Insert Name and Address of appropriate federal and state officials]

Re:    Notice By Aon Hewitt Health Market Insurance Solutions, Inc. of Class Action Settlement Pursuant to Class Action Fairness Act of 2005
*Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.*

Dear _____:

This confidential notice of proposed settlement is served on behalf of Aon Hewitt Health Market Insurance Solutions, Inc. ("Aon" or "Defendant")( pursuant to Section 1715 of CAFA.

On March 14, 2019, Plaintiff Linda Calhoun filed a lawsuit as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), and as a Rule 23 class action for violations of the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA").  On March 20, 2019, Plaintiff filed her Amended Collective and Class Action Complaint, which is the current operative pleading (the "Lawsuit").  The Lawsuit alleges that Aon violated the law by failing to pay its employees and contingent workers for the time they spent performing allegedly work-related tasks prior to the beginning and after the end of their shifts, and during their meal and rest breaks, while the employees and contingent workers were off-the-clock.  Three individuals filed consent forms to join the case as opt-in plaintiffs pursuant to the FLSA; one of those individuals remains a plaintiff in this matter (the "Opt-in FLSA Plaintiff"). On June 5, 2019, Defendant filed a motion to dismiss Plaintiffs' IWPCA claim.  On June 26, 2019, Plaintiff agreed to voluntarily dismiss her IWPCA claim without prejudice.  On July 9, 2019, Defendant filed its Answer and Affirmative Defenses to the IMWL and FLSA counts.  Defendant disputes all liability on Plaintiffs' claims.

Plaintiff has vigorously prosecuted this case, and Defendant has vigorously defended it. The Parties engaged in informal discovery to assess the relative merits of the claims of the Plaintiff and the defenses to those claims. In or about August 2019, the Parties agreed to explore private mediation in this matter. For purposes of that mediation, Defendant provided Plaintiff with payroll and time records necessary to fully and fairly evaluate the claims of Plaintiff, the Opt-in FLSA Plaintiffs, as well as the putative Illinois class. On August 19, 2020, Plaintiff and Defendant participated in mediation with the assistance of an experienced and well-respected mediator, Hunter R. Hughes. The Parties were able to reach a settlement at the August 19 mediation.

For settlement purposes only, the Parties sought the certification of the following opt-out Illinois Settlement Class pursuant to Rule 23 of the Federal Rule of Civil Procedure:

> all individuals who worked as a telephone-dedicated employee or contingent worker for Defendant in Illinois and who are identified on the July 29, 2020 spreadsheet Defendant prepared (*i.e.*, the spreadsheet titled "Aon Calhoun – Workweeks over 39.5 hours and 40 hours") (the "Illinois Class Members").

Defendant expressly denies any liability or wrongdoing of any kind associated with the claims in the Lawsuit. Defendant contends that it has complied with applicable federal and state law at all times and that the claims in the Lawsuit are not suitable for class treatment, except in the context of a negotiated settlement. By entering into the Settlement Agreement, Defendant has not admitted any liability or wrongdoing and expressly denies the same. Defendant has entered into the Settlement Agreement solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the proposed Settlement Agreement, settlement proposals exchanged by the Parties or any motions filed or Orders entered pursuant to the Settlement Agreement, is to be construed or deemed as an admission by Defendant of any liability, culpability, negligence, or wrongdoing, or as an admission of the employee status of any individual, and the proposed Settlement Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible in any arbitration or legal proceedings of any kind for any purpose except in an action or proceeding to approve, interpret, or enforce the Settlement Agreement. Furthermore, neither the Settlement Agreement, any motions filed, settlement proposals exchanged by the Parties or Orders entered pursuant to the Settlement Agreement, nor any class certification pursuant to the Settlement Agreement shall constitute an admission, finding, or evidence that any requirement for class certification has been satisfied in *Linda J. Calhoun, individually and on behalf of all others similarly situated v. Aon Hewitt Health Market Insurance Solutions, Inc.* or any other action, except for the limited settlement purposes pursuant to the terms of the Settlement Agreement.

This notice includes the following documents in accordance with the CAFA requirements:

1.      The Complaint filed on March 14, 2019.

2.      Notice of Motion and Agreed Motion for Preliminary Approval of Class Action Settlement Agreement and accompanying exhibits were filed on [INSERT] and United States Magistrate Judge Cox approved them on [INSERT].

3.      Claim and Consent to Join Form

4.      Class Action Notice

5.      Request for Exclusion Form

6.      Named Plaintiff's Settlement Agreement.

7.      Order granting Parties' Agreed Motion for Preliminary Approval of Class Action Settlement Agreement and Approval of Class Notice, Claim and Consent Form, Request for Exclusion Form and Named Plaintiff's Settlement Agreement.

8.      An estimate of the number of class members residing in the State of Illinois and the estimated proportionate share of the claims of such members to the entire settlement.

The final approval hearing is scheduled for [INSERT].  Information regarding the proposed settlement will be sent to putative class members in the class notice and will also be available to them by contacting the claims administrator.

If you have any questions pertaining to this action, please do not hesitate to contact me.

Very truly yours,


Jody Boquist


Enclosures