**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA J. CALHOUN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 19-cv-1810 |
| v. | ) ) | Honorable Susan E. Cox |
| AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC., | ) ) ) ) | |
| Defendant | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

THIS MATTER COMING before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of the Parties' Class and Collective Action Settlement, and the Memorandum Brief in support thereof, having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS:**

1.      Plaintiff's Motion for Preliminary Approval of the Parties' Class and Collective Action Settlement is granted.

2.      This Court has been advised by counsel for the Parties that a Settlement Agreement has been reached between Plaintiff and Defendant.

3.      The Court finds, for settlement purposes only, that the proposed settlement collective and class defined in the Settlement Agreement are appropriate. All the Federal statutory prerequisites, as well as due process, are satisfied by certification for settlement purposes. The requirements of 29 U.S.C. § 216(b) are satisfied.  Additionally, the requirements of Federal Rule

of Civil Procedure 23, including numerosity, commonality, adequacy, predominance, and superiority have been satisfied.

4.     The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement ("Settlement") is fair, reasonable and adequate, and therefore, meets the requirements for preliminary approval. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with collective and class action litigation in general and with the legal and factual issues of this case in particular.

5.     The Court appoints Linda J. Calhoun as the Class Representative, and Plaintiff's counsel, James X. Bormes and Catherine P. Sons of the Law Office of James X. Bormes, P.C. and Thomas M. Ryan of the Law Office of Thomas M. Ryan, P.C., as Class Counsel.

6.     The Court appoints Analytics LLC as the Settlement Claims Administrator.

7.     The Court approves, as to form and content, the proposed Notices of Class Action Settlement ("Notice") and Claim Form and Release ("Claim Form") attached to the Parties' Settlement Agreement, subject to appropriate modifications to deadlines as set forth in this Order and reasonable modifications that are recommended by the Claims Administrator for the purpose of effectuating the intent behind the Settlement Agreement, so long as they are mutually agreeable to the parties.

8.     The Court finds that the procedures for notifying the Illinois Class Members and the Collective Members about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of 29 U.S.C. § 216(b), Fed. R. Civ. P. 23, due process, the Constitution of the

1

United States of America, the laws of the State of Illinois, and all other applicable laws. The Notice is accurate, objective, and informative and provides the Illinois Class Members and the Collective Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9.     A hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on April 21, 2021 at 10:30 a.m. At the hearing, the Court will hear arguments concerning whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for the Service Awards to be made to the Named Plaintiff and the Opt-In Plaintiff Janice Cohen.

10.     Any Illinois Class Member who wishes to object to the terms of the Settlement must do so in writing no later than the date specified in the Settlement Agreement. The written Objection must be sent to the Settlement Claims Administrator postmarked on or before this date.

11.     Any Illinois Class Member who wishes to be excluded from the Settlement Class and not participate in the proposed Settlement must complete and mail a Request for Exclusion to the Settlement Claims Administrator no later than the date specified in the Settlement Agreement.

12.     All Illinois Class Members who fail to exercise their right to opt-out of the Settlement by submitting a Request for Exclusion shall be bound by all determinations and orders in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

13.     Any Illinois Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of their own choice. Any Illinois Class Member who

does not submit a Request for Exclusion will be represented by Class Counsel unless he or she enters his or her own appearance.

14.     Any Illinois Class Member who does not submit a Request for Exclusion may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, or why an order approving the Settlement should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why the Named Plaintiff and the Opt-In Plaintiff should or should not receive extra compensation in the form of a Service Award; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Final Approval Order to be entered thereon approving the same, or, if awarded, compensation for the Named Plaintiff and the Opt-In Plaintiff, or the attorneys' fees and costs awarded to Class Counsel, unless that person has, no later than the Objection/Exclusion Deadline, served by first class mail on the Claims Administrator written objections and copies of any papers and briefs in support thereof explaining the basis of the objection. The Claims Administrator shall file a copy of the same with the Clerk of the Court. All timely submitted objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Illinois Class Member who does not submit a Request for Exclusion, and who does not timely submit his or her objection in the manner provided in the Settlement Agreement, shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

15.　　Named Plaintiff shall file her Motion for Final Approval of Settlement no later than fourteen (14) days after the deadline for class members to mail their claim forms (the "Claim Deadline").

16.　　In the event that the Final Effective Date (as explained in the Settlement Agreement) does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

17.　　The parties are ordered to carry out the Settlement according to the terms of the Settlement Agreement.

IT IS SO ORDERED.

DATED: 12/29/2020

_____

Honorable Susan E. Cox
United States Magistrate Judge

4