IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA J. CALHOUN, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 19-cv-1810 |
| v. | ) ) | Honorable Susan E. Cox |
| AON HEWITT HEALTH MARKET INSURANCE SOLUTIONS, INC., | ) ) ) ) | |
| Defendant | ) | |

**FINAL APPROVAL ORDER**

THIS MATTER COMING before the Court on the Plaintiff's Unopposed Motion for Final Approval of the Parties' Class and Collective Action Settlement (the "Settlement"), having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Action, the Named Plaintiff, the Class and Collective Members and Defendant;

2. The dissemination of the class and collective notices, as provided for in the Preliminary Approval Order, constituted the best practicable notice under the circumstances to all members of the Class and Collective and fully met the requirements of Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), any and all substantive and procedural due process rights guaranteed by the United States Constitution, the laws of the State of Illinois and any other applicable law;

3. One member of the Rule 23 Class timely objected to the Settlement, and eight members requested to be excluded from the Settlement;

4. The Court finds the Settlement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

  A. That all defined terms contained herein shall have the same meanings as set forth in the Parties' Class and Collective Action Settlement Agreement ("Settlement Agreement");

  B. The Court grants Plaintiff's Unopposed Motion and gives final approval of the Settlement as fair, reasonable, and adequate to the Named Plaintiff, to each FLSA-Only Collective Member who submitted a valid and timely claim form, and to each Illinois Class Member who did not submit a valid request for exclusion, and in their best interests, and in full compliance with all requirements of due process and federal law. The Settlement is finally approved in all respects and its terms and provisions shall be consummated;

  C. The Court hereby dismisses with prejudice the Action and, except as to each Illinois Class Member who has timely and effectively requested exclusion from the Settlement, all claims contained therein, and bars and permanently enjoins all other Class Members and FLSA-Only Collective Members who submitted valid claim forms from prosecuting any released claims against Defendant, provided, however, that any Illinois Class or FLSA-Only Collective Member who did not submit a valid or timely claim form shall not release any rights, claims or interests under the Fair Labor Standards Act;

  D. The Court finds that the Named Plaintiff and Class Counsel adequately represented the members of the Settlement Class and Collective for the purposes of entering into and implementing the Settlement;

  E. The Court finds that the Claims Administrator, Analytics LLC, has met all requirements of the Court as set forth in the Preliminary Approval Order and the Settlement Agreement;

  F. The Court approves the Settlement Payments to be made to each Illinois Class and

FLSA-Only Collective Member who submitted a valid claim form;

G. The Court approves the payment of attorneys' fees, costs, and expenses to Class Counsel (the "Attorneys' Fees and Costs Award") in the amount of $437,500.00 for attorneys' fees and costs of $17,780.00. The Attorneys' Fees and Costs Award shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement;

H. The Court approves the Incentive Awards in the amount of $10,000.00 for the Named Plaintiff and $5,000.00 for Opt-In Plaintiff Cohen, to be distributed in accordance with Settlement Agreement;

I. The Court approves the payment of settlement administration fees of up to $14,000.00 to the third-party Claims Administrator, Analytics Consulting, LLC;

J. That, except as otherwise provided in the Settlement Agreement or herein, the settling Parties are to bear their own attorneys' fees and costs; and

K. The Court dismisses this action with prejudice.

IT IS SO ORDERED.

DATED: __April 21__, 2021

                                                        Honorable Susan E. Cox
                                                        United States Magistrate Judge